IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 5:95-333 |
| v. | **OPINION and ORDER** |
| Albert Shaw Nelson, | |
| Defendant. | |

This matter is before the court on Defendant's motion, filed through counsel, to set aside "Pursuant to Rule 60, or, in the Alternative, [for] an Independent Action for Relief from Judgment Under Rule 60(d)(1) and (3), Federal Rules of Civil Procedure." ECF No. 403. Defendant again contends[1] the Government perpetrated fraud on the court in illegally obtaining his conviction in 1997.

Defendant maintains a fraud on the court has been perpetrated by the Government because he has recently come into possession of documents requested under the Freedom of Information Act (FOIA) that reveal the Government's alleged fraudulent activities in prosecuting Defendant in the District of South Carolina after he had been convicted of a similar charge in the Southern District of Georgia.

Defendant has labeled his motion as one brought under Rule 60(d)(3). However, this does not change the analysis used to determine if his pleading is an unauthorized second or successive § 2255 motion. It is the relief sought, not title of the motion, that determines whether the pleading is a § 2255 motion. The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive petitions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion

---

[1]Defendant has submitted various iterations of the same arguments in two previous Rule 60 motions filed with this court, as well as in his motion for relief under 28 U.S.C. § 2255 and motions to reconsider, all of which have either been denied or dismissed.

1

seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Id*. at 207. Defendant's allegations relate to "the validity of the underlying criminal judgment and do not suggest that [Defendant] was denied a fair opportunity to seek relief through § 2255." *Id*. at 208.

Defendant's motion is, in reality, a second or successive motion for relief under § 2255. He contends that his conviction was obtained by fraud, not that there was a defect in the collateral review process. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in a court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

Defendant's motion is dismissed as this court is without jurisdiction to entertain a second or

successive motion for relief under 28 U.S.C. § 2255.[2]

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 5, 2014

---

[2] Defendant's motion for order directing the Government "to evaluate the need for correction of false statements . . . ." is **denied.**